[L. A. No. 4070.   Department One.—December 28, 1917.]

HOMER LAUGHLIN, JR., Respondent, v. PACIFIC COAST MOTOR CAR COMPANY (a Corporation), Appellant.

SALE—PLEADING—ERROR IN STATEMENT OF PRICE.—Error in stating in the complaint, two thousand three hundred dollars instead of two thousand two hundred dollars as the price at which an article was contracted to be sold does not vitiate the complaint.

COUNTERCLAIM—FINDINGS.—In an action for the agreed price of property sold, where the only defense was a counterclaim alleging in effect an agreement for an exchange by which the defendant was to sell and deliver to the plaintiff an automobile of a certain kind and style, and further alleging that the defendant had tendered to the plaintiff an automobile of the kind and style agreed, a finding that this latter allegation was not true, rendered any other finding regarding the defense unnecessary.

APPEAL FOR DELAY—DAMAGES IMPOSED.—An appeal taken without cause unless for delay is a case for the imposition of damages under section 957 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Willis T. Morrison, Judge.

The facts are stated in the opinion of the court.

Stuart M. Salisbury, for Appellant.

E. E. Rogers, for Respondent.

SHAW, J.—The defendant appeals from the judgment.

The plaintiff and defendant made a contract whereby the defendant agreed to sell and deliver to the plaintiff, for a price stated, a Fiat automobile of a kind and style particularly described, and the plaintiff agreed to sell and deliver to the defendant a Mercer automobile at the price of two thousand two hundred dollars, which was to be by the defendant credited upon the price of the said Fiat automobile sold by defendant to plaintiff. In pursuance of this contract the plaintiff delivered the Mercer automobile to the defendant, who accepted the same, sold it, and converted the proceeds to its own use. The defendant failed to deliver to plaintiff the Fiat automobile as it agreed to do. Thereupon the plaintiff began this action to recover the sum of two thousand two hundred dollars fixed as the price of the Mercer machine he had delivered to the defendant.

The complaint, while not well drawn, states in substance the facts essential to plaintiff's right to recover two thousand two hundred dollars. The sum is erroneously stated therein to be two thousand three hundred dollars, but this does not vitiate it as a statement of the cause of action. The defects pointed out by the appellant relate merely to the form and manner of the statement of the facts. They are objections which can be raised to a complaint only by a special demurrer. There was no demurrer to the complaint, general or special. Similar defects in the findings are not sufficient to support the claim that the findings do not sustain the judgment, where, as here, the essential facts are found.

The answer, by way of counterclaim, alleged performance by defendant, and asked judgment for the balance of the price of the Fiat automobile. The counterclaim rested on the allegation that defendant had tendered to plaintiff a Fiat automobile of the kind and style it agreed to sell to him. The finding was that this was not true. No other finding regarding the defense was necessary, since, without such tender, the counterclaim could not have been established.

These principles are well settled and the appeal was without cause, unless for delay. It is a case for the imposition

of damages under section 957 of the Code of Civil Procedure, which are fixed at fifty dollars.

It is therefore considered by the court that the judgment be affirmed and that plaintiff recover of defendant the sum of fifty dollars as damages.

Sloss, J., and Lawlor, J., concurred.